UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**CHELSIE R. SMITH,**

       **Plaintiff,**           **CIVIL ACTION NO. 10-CV-12691**

vs.

                                 **DISTRICT JUDGE NANCY G. EDMUNDS**

**COMMISSIONER OF**        **MAGISTRATE JUDGE MONA K. MAJZOUB**
**SOCIAL SECURITY,**

       **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

**RECOMMENDATION:** Defendant's Motion to Dismiss Complaint (docket no. 13) should be GRANTED and the instant case dismissed.

\*\*\*

Plaintiff filed the instant complaint on July 7, 2010 seeking review of the final decision of the Commissioner of Social Security denying her application for Supplemental Security Income. (Docket no. 1). Defendant filed an answer on September 20, 2010. (Docket no. 7). Plaintiff filed an Ex Parte Motion For Leave To File Opening Brief Instanter with a Motion and Brief For Summary Judgment Or Remand on November 9, 2010. (Docket no. 11). On January 7, 2011, Defendant filed a Motion to Dismiss Complaint claiming that the instant complaint was untimely filed. (Docket nos. 13). Plaintiff filed a Response In Opposition To Motion To Dismiss The Complaint on January 21, 2011. (Docket no. 14). Defendant filed a Reply To Plaintiff's Response on February 3, 2011. (Docket no. 15). The matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A), (B) and (C). (Docket no. 4). For the following reasons, the Court

recommends that Defendant's Motion to Dismiss be granted.

Title 42 U.S.C. section 405(g) provides that:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

An individual is presumed to have received "notice" of the Commissioner's decision five days after the mailing of such notice. 20 C.F.R. §§ 404.981, 416.1481, 404.901, 416.1401 and 422.210(c).

The parties agree that an administrative law judge denied Plaintiff's applications in a decision dated June 27, 2008. (Docket nos. 1, 13). The parties also agree that the Appeals Council denied Plaintiff's request for review of the ALJ's decision on April 21, 2010. (Docket nos. 1, 13, 14). Plaintiff's Complaint was due on or before June 25, 2010. (Docket nos. 1, 13, 14). Plaintiff filed this action on July 7, 2010. (Docket no. 1).

Plaintiff alleges that she requested an extension of time to file her action from the Appeals Council via fax on June 24, 2010. (Docket no. 14 p. 3). A copy of the request letter addressed to the Appeals Council is attached to Plaintiff's Complaint. (Docket no. 1-2). With her response, Plaintiff also provided a copy of the phone bill of Plaintiff's representative showing that a phone call was made to Alexandria, Virginia on June 24, 2010. (Docket no. 14-2).

Plaintiff's argument in response is that her request for an extension from the Appeals Council is tantamount to an actual extension granted by the Appeals Council. In fact, throughout her brief, Plaintiff refers to her request for extension as an "extension." (Docket no. 14 n. 1 and p. 2 of 7). Plaintiff argues that the HALLEX manual I-3-9-60 states that the "Appeals Council ordinarily grants extensions of time for a period of 30 days. The Appeals Council may, at its discretion, decide to

grant more or less time depending on the circumstances in the individual case." (Docket no. 14 p. 1). Plaintiff points out that her civil action was indeed filed "on or before the expiration of an additional 30 days after the original due date, i.e., July 7, 2010." (Docket no. 14 p. 1). Yet it remains undisputed that the Appeals Council has not granted an extension for Plaintiff to file her civil action in this matter and her civil action was filed beyond the 60 day limitation (plus five days for assumed receipt after mailing).

Plaintiff's counsel argues that based on his experience, extensions are "typically" or "ordinarily" granted and that Social Security's inefficiency and delay tend to be "the rule rather than the exception" including misplaced and lost documents by Appeals Council[1]. The Court does not find that extensions are so perfunctorily and "ordinarily" bestowed. HALLEX I-3-9-60, cited by Plaintiff, does not provide for an automatic thirty-day extension upon request. The same HALLEX section provides that if the "claimant or representative gives no reason or an insufficient reason for requesting an extension of time, the Appeals Council will deny the request, regardless of whether the request was filed within or after the 60-day civil action period." HALLEX I-3-9-60, 1993 WL 751914 (S.S.A).

Plaintiff attempts to flip the analysis of Defendant's Motion on its head with the allegation that Defendant "fails to provide any support from the Appeals Council that the extension herein was not timely received." (Docket no. 14 p. 2). Plaintiff concedes that she has not received the requested extension and this fact is not in dispute. The federal court system would be a shambles indeed if every "timely received" request for extension equated to a granting of that extension, to

---

[1]The undersigned has not found this to be the case with respect to the multitude of timely filed Social Security cases that make their way to the undersigned.

say nothing of the effect of such practice on the Social Security Administration. *See Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432 (6th Cir. 2007) ("we are mindful of the fact that there are millions of applicants for Social Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system")

There is no authority for the Court to grant the extension sought from the Appeals Council. In fact, had the Appeals Council denied the request, such a denial is not subject to the Court's review. *See* Note to HALLEX I-3-9-60. The Administration further provides that for requesting "an extension of time to file a civil action after, rather than before, actually filing the complaint," the guidelines of HALLEX I-3-9-60 are to be followed. *See* HALLEX I-4-1-46, 1993 WL 643626 (S.S.A.). There is no evidence or allegation that Plaintiff has further pursued her request for extension with the Appeals Council as set forth in HALLEX.

Plaintiff was not without remedy to pursue the request for extension from the Appeals Council, even after the original deadline. As Defendant points out, the Appeals Council may yet grant or deny the extension, at which time, if granted, Plaintiff could refile her action. There is no authority for the extraordinary measure Plaintiff requests of this Court, to grant the extension of time to file a civil action that must be properly sought from the Appeals Council.

Plaintiff's second argument is that equitable tolling should apply. Plaintiff relies on *Cook* for the five factors to be considered in determining whether it is appropriate to toll a statute of limitations. *See Cook*, 480 F.3d at 437. Plaintiff does not argue that the first two factors are in her favor. There is no argument that she did not have actual notice of the filing requirement or constructive notice of the filing requirement. Plaintiff submitted a copy of the January 19, 2011 affidavit of Dannelly Smith of Disability Benefits Corporation, her representative before the Social

Security Administration. Mr. Smith states that he received the denial from the Appeals Council. (Docket no. 14-2). Mr. Smith also states that upon receiving the denial, he "referred this claim to Daley, Debofsky and Bryant [Plaintiff's current counsel of record] for handling of a civil court action." (Docket no. 14-2 ¶ 4). Both Plaintiff's representative and her current counsel were communicating and had notice of the Appeals Council denial prior to the deadline for filing the action. Similarly, the Court finds that the fifth factor is inapplicable in this instance: "[T]he petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Cook*, 480 F.3d at 437.

With respect to the third factor, Plaintiff's diligence in pursuing her rights, the request for extension was made the day before the June 25, 2010 deadline. There is no evidence that the request was followed up on by Plaintiff or her representative or counsel (despite Plaintiff's counsel's allegation that the Appeals Council loses or misplaces such requests) and once Plaintiff and her counsel became aware of the lack of an extension from the Appeals Council, they did not pursue another request for extension with the Appeals Council. Plaintiff's Complaint states:

> Plaintiff's Complaint could have been timely filed up to and including 65 days after the Appeals Council action, i.e., on or before June 25, 2010. However, the Appeals Council also has the authority to grant extensions of time for filing Complaints and, in this case, Plaintiff's administrative representative, Dan Smith, requested an extension of 30 additional days. . . . Because the extension was timely requested, counsel assumes the extension was granted per HALLEX I-3-9-60. Therefore, Plaintiff believes she can timely file a civil action on or before July 26, 2010."
> (Docket no. 1 ¶ 7).

These factors do not show diligence.

The final factor considered is the prejudice to the respondent. Defendant filed its answer prior to making its Motion to Dismiss. Plaintiff argues that because "Defendant waited so long, no prejudice can be said to occur herein where Defendant himself delayed in raising a defense that must

-5-

have been evidence (sic) at the Answer stage." In fact, Defendant raised this issue in its Answer when it denied Plaintiff's allegation that HALLEX I-3-9-60 entitles her to a presumption that an extension was granted. (Docket no. 7 ¶ 1). On this factor, the Court finds *Cook's* reasoning on point. The *Cook* court held that

> Although allowing Cook to file his complaint one day late likely would create little prejudice to the Commissioner in this particular case, we are mindful of the fact that there are millions of applicants for Social Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system. *Id.* at 437.

"In the end, this case is a classic reminder of the risks that applicants take for no apparent reason by waiting until the very end of a filing period to initiate their lawsuits." *Id.*

The facts herein show more prejudice to the Commissioner than in *Cook*. Plaintiff's argument that Appeals Council extensions are effectively granted upon request would indeed wreak havoc on the system. The Court does not find any circumstances that weigh in favor of equitable tolling in this instance. Despite her alleged impairments, Plaintiff was not without representation during this process. Plaintiff's counsel alleges that he had to obtain representation forms and documents and review the case after being referred the case by Plaintiff's representative Mr. Smith. (Docket nos. 9-2 p. 1, 10-1 pp. 2-3). These are not unusual or even noteworthy circumstances in undertaking to represent a Social Security claimant. The Court concludes that Plaintiff's equitable tolling claim is without merit.

The Court should find that the 60-day limitation period (and five days for mailing) was not satisfied. Despite Plaintiff's argument that she requested an extension, Plaintiff did not receive an extension and did not otherwise pursue the extension with the Appeals Council. To adopt Plaintiff's argument that the Appeals Counsel probably would have granted an extension effectively puts the

granting of extensions squarely onto the District Court.  There is simply no support for the transfer of this authority from the Appeals Council to the District Court.

Defendant's Motion to Dismiss (docket no. 13) should be granted and the instant case dismissed.

### **NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *See Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: March 17, 2011			s/ Mona K. Majzoub
					MONA K. MAJZOUB

UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

      I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: March 17, 2011            s/ Lisa C. Bartlett
                                      Case Manager