UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Chelsie R. Smith,

    Plaintiff,

v.

Commissioner of Social Security,

    Defendant.

_____/

Case No. 10-12691

Honorable Nancy G. Edmunds

### ORDER AND OPINION ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S JANUARY 25, 2013 REPORT AND RECOMMENDATION AND REMANDING THE CASE BACK TO DEFENDANT FOR FURTHER PROCEEDINGS CONSISTENT WITH THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [36]

Before the Court is the magistrate judge's report and recommendation that the Court remand this case to Defendant Commissioner of Social Security for rehearing with an unbiased administrative law judge. (Dkt. 36.) Defendant has filed an objection. (Dkt. 38.) Plaintiff has filed a response to that objection. (Dkt. 39.)

Defendant argues that the magistrate judge erred when she recommended remanding the case for reconsideration by an unbiased administrative law judge. (Dkt. 38, Def.'s Objection at 2.) Defendant argues Plaintiff failed to exhaust her bias argument at the agency level and that she therefore is barred from raising that issue on appeal. (*Id.*) That failure, Defendant argues, precludes the magistrate judge from addressing the issue and recommending remand on behalf of that issue. (*Id.*)

Here, Plaintiff's attorney did object to the perceived bias, at the ALJ hearing, but then failed to raise the issue on appeal to the Appeals Council. (AR at 8 (only objecting to the

ALJ's decision based on a lack of substantial evidence to support his decision.) and AR at 185-187 (Plaintiff's brief).) Plaintiff argues that her actions were sufficient to exhaust her administrative remedies.

The Court finds that remand is appropriate. The Court recognizes that the Social Security regulations provide procedures for alleging bias and courts have found that a claimant should raise the bias issue at the hearing and to the Appeals Council.[1] But the

---

[1]The Code of Federal Regulations relating to Social Security provides the means and procedures for alleging bias. 20 C.F.R. § 404.940 and 416.1440 provide:

> An administrative law judge shall not conduct a hearing if he or she is prejudiced or partial with respect to any party or has any interest in the matter pending for decision. If you object to the administrative law judge who will conduct the hearing, you must notify the administrative law judge at your earliest opportunity. The administrative law judge shall consider your objections and shall decide whether to proceed with the hearing or withdraw. . . . If the administrative law judge does not withdraw, you may, after the hearing, present your objections to the Appeals Council as reasons why the hearing decision should be revised or a new hearing held before another administrative law judge.

"Absent good cause, failure to raise the issue of bias before the Secretary constitutes wavier of the right to raise the issue of appeal." *Millmine v. Sec'y of Health and Human Servs.*, 69 F.3d 537, at *2 (6th Cir. 1995) (Table) (citation omitted) (precluding the plaintiff's ALJ bias argument on appeal because the plaintiff failed to raise the issue at the administrative level, despite having ample opportunity to do so.). *See* 57 Fed. Reg. 49186-03 (Oct. 26, 1992) (providing procedures for alleging that an administrative law judge was biased.) *See also Nicholl v. Astrue*, 09-3016, 2010 WL 685899, at *11 (C.D.Ill. Feb. 22, 2010) (citing 20 C.F.R. § 404.940; 57 Fed. Reg. 49186-03, and stating that "[f]act finding with respect to bias claims is to be done at the administrative level and is waived if not brought up below." And holding that the plaintiff waived her bias claim when she "failed to present her bias claim at the administrative level when she appealed the ALJ's unfavorable decision to the Appeals Council. She cannot raise this claim for the first time on judicial review. The available administrative procedures afforded Plaintiff ample opportunity to raise a claim of prejudice or partiality. She chose not to take advantage of those procedures, and therefore has waived her claim.") (citations omitted). *See also Scheffler v. Comm'r Soc. Sec.,* 07-11411, 2008 WL 1808315, at *5 (E.D.Mich. Apr. 21, 2008) (Cohn, J.) (Adopting report and recommendation stating that the plaintiff was precluded from alleging bias because she failed to raise the issue at her second hearing or to the Appeals

Court also recognizes that the Supreme Court has stated that the Social Security regulations do not require issue exhaustion. *Sims v. Apfel*, 530 U.S. 103, 108 (2000)

The Court notes that this case presents a close call on the issue of bias. But the Court finds that it does not rest its decision on the bias issue alone. Here, although Plaintiff first put forth her bias argument on November 9, 2010, Defendant did not respond to that argument in any way until the magistrate judge issued her January 25, 2013 report and recommendation. (Dkt. 36.)

"[W]hile the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902, n. 1 (6th Cir. 2000) (and quoting, "issues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived." (citation omitted).

The Court has reviewed the magistrate judge's report and recommendation, the parties' motions for summary judgment, the ALJ's opinion, and the record. The Court recognizes that it could arguably decide the bias issue either way. But the Court finds that remand is more appropriate, given Defendant's failure to address the bias issue and the magistrate judge's reasoned explanation of its decision to remand.

---

Council). *See also Johnson v. Comm'r of Soc. Sec.*, 09-11881, 2010 WL 1949638, at * (E.D.Mich. Apr. 19, 2010) (Majzoub, Mag. J.) (finding that, although the plaintiff raised the bias issue at the Appeals Council, he failed to raise the bias issue at the hearing level, and therefore did not exhaust his administrative remedies, and therefore the court could not review the ALJ bias issue.), *adopted by* 2010 WL 1949636 (E.D.Mich. May 13, 2010) (O'Meara, J.). *See also Osantowski v. Comm'r of Soc. Sec.*, 09-101855, 2010 WL 1257941 (E.D.Mich. Jan. 20, 2010) (rejecting the plaintiff's ALJ bias argument because she failed to raise the issue at the hearing or in her Appeals Council brief.).

3

The Court therefore OVERRULE's Defendant's objection, ACCEPTS and ADOPTS the magistrate judge's report and recommendation, GRANTS IN PART Plaintiff's motion for summary judgment, DENIES Defendant's motion for summary judgment, and remands the matter back to Defendant for redetermination with a different administrative law judge consistent with the magistrate judge's report and recommendation.

So ordered.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  March 1, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 1, 2013, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager